### O'HARA et al. v. DODGE BROS., Inc.
### No. 2578.

District Court, D. Nevada.

Nov. 23, 1940.

J. M. Frame, of Reno, Nev., for plaintiffs.

George L. Sanford, of Carson City, Nev., and A. L. Haight and Carl Dodge, Jr., both of Fallon, Nev., for defendant.

NORCROSS, District Judge.

This is an action to recover a judgment for alleged damages, in the total sum of $54,000 on account of the death of one and injuries sustained by three other occupants of an automobile, occasioned by a collision with a motor truck operated by defendant, upon a public highway, known as the Victory Highway, at a point about eleven miles west of Winnemucca, Nevada.

There were no eye witnesses of the accident other than the driver of the truck and occupants of the automobile, the driver of which, husband of plaintiff, Beulah F. O'Hara, died shortly following the collision and before his body was removed from the car. Two of the occupants of the automobile were then minor children. Another occupant of the car, George Cunningham, who was sitting in the front seat with the driver, could not be located as a witness for the trial. While named in the amended complaint as a plaintiff, no damages are therein alleged or claimed on account of injuries, if any, by him sustained.

The material issues, respecting liability for injuries sustained, as presented by the pleadings, briefly stated, are as follows: "That said truck was carelessly and negligently driven at an excessive and dangerous rate of speed under the conditions then and there existing, and carelessly and negligently caused, allowed or permitted said truck and trailer attached thereto or some parts thereof to project or run over the center line of said highway on the left hand side thereof, and to collide with and strike the automobile, being driven on the right hand side of said road, with such force and violence as to occasion the death and injuries heretofore referred to."

This allegation is denied in the answer which also alleges: "That said automobile, at the time of and immediately prior to the collision, was driven and managed at great, unreasonable and excessive speed, to-wit: more than forty miles per hour; was being driven to the left of the center line of said roadway. That at the time and place of said injury the automobile truck of defendant was on its proper side of the center line of said roadway to such an extent that the forepart of it was against the guard rail. This allegation is denied in plaintiff's reply."

The testimony of the truck driver and witnesses for the plaintiff who were in the automobile at the time of the collision is conflicting both as to speed and the side of the center line of the road where the collision occurred. Shortly following the collision, the Sheriff of the County, Justice of

the Peace and Ex Officio Coroner reached the scene of the accident and the Sheriff caused photographs to be taken of the truck and automobile as their location and condition then appeared. Four enlarged copies of such photographs were admitted in evidence. Six copies of photographs taken at some later period but of evidentiary value were submitted on behalf of plaintiff.

The photographs taken by the Sheriff disclose the front end of the truck to be against the guard rail on the right hand, northerly, side of the road in the course the truck was proceeding and that the guard rail and posts supporting the same at that point were pressed out of normal position by the contact of the right front wheel of the truck therewith. The highway at the point in question was approximately four hundred and fifty feet from the summit of an overpass over a main line of railroad and for some distance, on both sides of the highway, guard rails supported by posts had been constructed. The said photographs disclose that the left front wheel of the truck was twisted on its axle so that it was standing at nearly a right angle to the wheel in the opposite end of the axle which wheel was against the guard rail. The automobile is shown by the same photographs to be standing near the left side of and near the rear of the main body of the truck and facing in the same direction as that of the truck, so that as a result of the impact, the automobile was apparently turned in the opposite direction from that it had been traveling prior thereto. The photographs disclose a great amount of damage to the left front side of the automobile showing the impact was one of great force.

The main question in controversy is which side of the center of the highway did the collision occur. A map, showing the course of the highway for some distance on both sides of the overpass, discloses that for a length of approximately a thousand feet southerly of a point approximately one hundred feet from the point where the collision occurred, the highway followed a straight easterly-westerly line. At this point, going easterly, the highway curves northerly and continues to so curve until it reaches the railroad overpass. It was on this curve the collision occurred. Unless the truck was over the center of the road from its proper side, there was ample room for the automobile to have passed in safety. If the truck was so over the center line, it could have been observed some seconds sooner by the driver or occupants of the automobile. However, this may be, assuming for the purpose of the consideration of other evidence, particularly as indicated by the photographs taken shortly following the accident, that the truck was on the opposite side of the center line of the road, then, to have reached its proper side of the road, it of necessity, would have to pull its heavy load and trailer ahead some distance or back the same to the position as shown in the photographs. With the left front wheel of the truck twisted in the position it is shown to have been in, it is not conceivable that either of such movements could have been accomplished. This conclusion also finds further confirmation in one of the photographs, introduced on the part of plaintiff, showing that after the tractor, carried by the truck, and the trailer had been removed or detached therefrom, timbers had been placed beneath the forepart of the truck and a jack screw used apparently for the purpose of replacing the front axle and wheels. Also, very convincing evidence that the collision did not occur on the southerly side of the road is the fact that the automobile, after the collision, is shown to have been close to the side of the truck on the northerly side of the road. With the injury it apparently received it is not conceivable how it could have been moved with its own power to the opposite side of the road.

In the case of accidents of this character, where a collision occurs upon a highway the fault, which is the immediate occasion of a collision, resolves itself into a question of the action taken by one or both of the respective drivers during a space of a very few seconds of time, as may be indicated by the fact that a car moving at the rate of thirty miles per hour covers forty-four feet per second. Eye witnesses, under similar circumstances, are frequently unable to fully or correctly observe what actually occurred in so brief a space of time. It is for this reason that accompanying physical facts, as the same may be disclosed, are of most valuable aid in determining the ultimate fact of responsibility for injuries sustained.

The burden of proof is upon the plaintiff to establish that the alleged injuries sustained were occasioned by the wrongful action of the defendant. It is the conclusion of the Court that plaintiff has failed to sustain such burden of proof and,

hence, is not entitled to recover. Defendant is entitled to judgment. It is so ordered.